PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERELY PELLEGRINO, | ) |
| Plaintiff, | ) CASE NO. 5:18CV2644 |
| v. | ) JUDGE BENITA Y. PEARSON |
| COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) |

An Administrative Law Judge ("ALJ") denied Plaintiff Kimberely Pellegrino's application for disability insurance benefits ("DIB") after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the case was automatically referred to Magistrate Judge Thomas M. Parker for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). On October 22, 2019, the magistrate judge submitted a report recommending that the Court vacate the Commissioner's decision. ECF No. 13. Defendant filed an Objection to the Report and Recommendation. ECF No. 14. Plaintiff has not filed any objections and the time to do so has passed. For the reasons that follow, the Court sustains the objection, rejects the Report and Recommendation in part, and affirms the decision of the Commissioner of Social Security.

(5:18CV2644)

## I. Background

Magistrate Judge Parker's Report and Recommendation thoroughly narrates the procedural history, describes the medical evidence, and analyzes the merits of Plaintiff's appeal. *See* ECF No. 13. It explains that although Pellegrino had not engaged in substantial gainful activity since October 5, 2012, the ALJ denied Plaintiff's claims because he found that she had no impairment or combination of impairment of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at PageID #: 1658. The ALJ found that she had the RFC to perform light work with some exceptions. *Id.* The ALJ also determined that Pellegrino could not perform any of her past relevant work but was able to work as an inspector/hand packager, assembler of plastic hospital products, and assembler of electronic accessories. *Id.* at PageID #: 1661.

Appealing that decision, Plaintiff argued: (1) that the ALJ's decision did not adequately account for the medical opinion of Pellegrino's rheumatologist, Dr. Gheorghe Ignat, M.D., when he denied her DIB; and (2) failed to consider evidence of Pellegrino's use of a cane in its determination. ECF No. 11 at PageID #: 1600-08. The Commissioner responded, claiming that the ALJ properly considered Dr. Ignat's opinion and reasonably determined Pellegrino did not need a cane. ECF No. 12 at PageID #: 1621-34.

The magistrate judge found reversible error based on Pellegrino's first contention and rejected the second assignment of error. Magistrate Judge Parker concluded that although there was substantial evidence to support the ALJ's decision, the ALJ nevertheless applied the wrong legal standard because he improperly discounted Dr. Ignat's opinions. ECF No. 13 at PageID #:

2

(5:18CV2644)

1667-69.  Accordingly, the magistrate judge "recommended that the Court vacate the ALJ's decision denying Pellegrino's application for DIB and remand the case for further consideration of Dr. Ignat's treating source opinion." Id. at 1669.

Defendant filed a single objection, claiming that the ALJ did not commit reversible error and properly considered Dr. Ignat's opinion.  ECF No. 14.

## II. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made.  28 U.S.C. § 636(b).  Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supports the Commissioner's decision.  The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the administrative law judge. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522-23 (6th Cir. 2003).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

3

(5:18CV2644)

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This standard "allows considerable latitude to administrative decisionmakers. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

### III. Discussion

Defendant lodges a single objection to the Report but advances two separate arguments.[1] Both suggest the same conclusion: that the ALJ properly considered Dr. Ignat's opinion, and even if the ALJ did not properly account for the opinion, the error was harmless.

---

[1] Defendant's objection states that the "record shows no reversible error." ECF No. 14 at PageID #: 1676. Because the error's reversibility depends upon a finding of (1) violation of the treating physician rule and (2) that violation was not harmless, the Court addresses each point respectively.

4

(5:18CV2644)

### A. Treating Physician Rule

Under 20 C.F.R. § 404.1527(c)(2),"[t]reating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion is 'well supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion is 'not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citation omitted). The ALJ must provide a justification "'sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (citation omitted). Without good cause, the ALJ must give treating physician's medical opinions "'substantial or considerable weight.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citations omitted). Good cause to reject a treating physician's opinion may include "'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Id.* (citation omitted). If no good reasons exists, the ALJ may give a treating physician's opinion less weight but he "must clearly articulate [the] reasons" for deviating. *Id.* (citation omitted) (alteration in original); *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 273 (6th Cir. 2015) ("Further, the ALJ is procedurally required to give 'good reasons' for discounting treating physicians' opinions, which are 'sufficiently specific to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'") (citation omitted). Nevertheless, "a treating source's opinion may be given little weight if it is unsupported by sufficient clinical findings and is inconsistent with the rest of the

5

(5:18CV2644)

evidence." *Morr v. Comm'r of Soc. Sec.*, 616 F. App'x 210, 211 (6th Cir. 2015) (citation omitted). Even if the treating opinion is inconsistent with other evidence, "there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010). An ALJ's failure to strictly comply with the treating physician rule may be excused "[i]f the ALJ's opinion permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion . . . ." *Id.* at 551.

In order to properly consider the objection to the Report and Recommendation, the Court provides the relative portion of the ALJ's opinion below for reference:

> The undersigned gives limited weight to Dr. Ignat's treating source opinion from September 30, 2012[2], in which he restricted her to slightly more than sedentary weight restrictions, no standing/walking requirements, and no greater than two hours of sitting during an eight-hour workday with additional exertional and nonexertional physical limitations is too vague, at times in complete, and not consistent with his own treatment notes and those treatment notes from the claimant's other treating physicians (Ex. 13F). Moreover, the evidence fails to establish any documented physical medical reasons for sustainability in a customary work environment. As discussed, the undersigned finds that, contrary to the claimant's allegations of daily respiratory difficulties triggered by stress, anxiety, and weather changes, she had to use albuterol only rarely and she continues to smoke at least a pack a day contrary to medical advice (*see, e.g.,* Ex. 2F, p.1). Accordingly, the undersigned gives limited weight to Dr. Ignat's treating source opinion.
>
> The undersigned gives limited weight to Dr. Ignat's treating source opinion from December 7, 2016, but greater than weight given to his opinion from 2012, to the

---

[2] Although the ALJ and Magistrate Judge Parker both refer to this opinion as being from 2012, a review of the transcript reveals that the date provided at the top of the doctor's opinion is "10/01/2015." ECF No. 9 at PageID #: 1082-84; *see also* ECF No. 12 at PageID #: 1624 n.6 (Commissioner's brief explaining that Plaintiff only began seeing Dr. Ignat in 2015).

6

(5:18CV2644)

> extent that his opinion that the claimant's physical functioning is restricted to a reduced range of light work establishes improvement in the claimant's physical health and residual functional capacity over the years between 2012 and 2016 (Ex. 26F). Moreover, the claimant's lack of any chronic daily pain medication during much of the current adjudicating period bolsters Dr. Ignat's opinion that the claimant's physical medical condition has improved since he began treating her in 2012 (Ex. 22F, p. 1; 34F).

ECF No. 9 at PageID #: 85

As Magistrate Judge Parker noted in the Report and Recommendation, "the ALJ never addressed Dr. Ignat's opinions that Pellegrino's pain would affect her absenteeism, ability to stay on task, and need for nonstandard breaks." ECF No. 13 at PageID #: 1667. The magistrate judge elaborated that the ALJ addressed Dr. Ignat's opinions regarding Plaintiff's "stress, anxiety, and breathing problems" when the ALJ "referred to Pellegrino's 'sustainability'" but was not "referring to the effects of Pellegrino's pain on her ability to go to work regularly and stay on task." *Id.* at PageID #: 1667-68. Although the ALJ did conclude that Dr. Ignat's first opinion was vague and incomplete in certain respects, he failed to even mention the doctor's opinions regarding Plaintiff's severe and moderate pain and the impact it had on her absenteeism, ability to stay on task, and need for nonstandard breaks. *See* ECF No. 9 at PageID #: 85. An ALJ can be found to have provided good reasons for one aspect of a treating physician's opinion, while simultaneously failing to provide good reasons for another part of that opinion. *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 464-65 (6th Cir. 2005). Despite satisfying the treating physician rule for some aspects of Dr. Ignat's opinions, the ALJ ignored the opinions regarding the impact of Plaintiff's pain on her "absenteeism, ability to stay on task, and need for nonstandard breaks." ECF No. 13 at PageID #: 1667. Against this backdrop, "it cannot be said

7

(5:18CV2644)

that the ALJ provided 'good reasons' for rejecting that opinion or gave a 'sufficiently specific' explanation for doing so." *Id.* at PageID #: 1668 (citations omitted).

Defendant avers that the ALJ did not err because Dr. Ignat's opinion regarding the impact of pain on her ability to concentrate, stay on task, and go to work is "tantamount to a disability opinion" that is reserved for the Commissioner's determination. *See Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011). The ALJ may generally give little deference to such opinions because they are reserved for the Commissioner. *See Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 431 (6th Cir. 2018) ("Indeed, 20 C.F.R. § 404.1527(d)(1) and (3) now provide explicitly that no special significance will be given to the source of an opinion    such as whether a claimant is disabled or unable to work    reserved to the Commissioner of Social Security."); *Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x 593, 600 (6th Cir. 2018) ("[F]inal responsibility for deciding a claimant's ability to work is an issue reserved to the commissioner, and thus Dr. Ward's opinion regarding Kestel's perceived inability to work is not entitled to any controlling weight.") (citations omitted); *Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 432 (6th Cir. 2016) ("Dr. Kolinski's determination that Dutkiewicz is 'unable to work' is not a medical opinion that may be given controlling weight because it is an opinion on an issue reserved to the Commissioner.") (citing 20 CFR § 404.1527); *Edwards v. Comm'r of Soc. Sec.*, 636 F. App'x 645, 649 (6th Cir. 2016) ("Indeed, the regulations make clear that no special significance is to be given to the source of an opinion on issues that are reserved to the Commissioner    including statements that a claimant is 'disabled' or 'unable to work.'") (citations omitted).

(5:18CV2644)

Magistrate Judge Parker correctly determined, however, that "the ALJ was not simply permitted to ignore" Dr. Ignat's opinions.[3] See *Dutkiewicz*, 663 F. App'x at 432 ("Nevertheless, even when controlling weight will not be accorded because a treating source's opinion relates to an issue reserved to the Commissioner, an ALJ still must 'explain the consideration given to the treating source's opinion(s).'") (citations omitted); *see also Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 499 (6th Cir. 2019) (Wilson II) ("But by ignoring Dr. Sekeran's 2011 assessment, the ALJ . . ." violated the treating physician rule); *cf. Perry v. Comm'r of Soc. Sec.*, 734 F. App'x 335, 339-40 (6th Cir. 2018) (noting that the ALJ explicitly pointed to other evidence to discount the treating physician's opinion about the claimant's inability to work). Because the ALJ never even referred to Dr. Ignat's opinions concerning the impact Pellegrino's pain would have on her ability to go to work, he violated the treating physician rule.

Accordingly, the Court agrees with the Magistrate Judge's findings that the ALJ violated the treating physician rule. As explained below, however, the Court finds that the ALJ's omission was harmless error.

---

[3] Magistrate Judge Parker cites to 82 FR 15263-01 for the proposition that SSR 96-5p, 1996 WL 374183, which discussed, *inter alia*, when a matter was reserved for the Commissioner, was rescinded. *See* ECF No. 13 at PageID #: 1668. Although this rule was rescinded for all claims filed on or after March 27, 2017, *see* 20 C.F.R. § 404.1520c; 82 FR 5844-01, 2017 WL 168819; 82 FR 15263-01, 2017 WL 1105348; 81 FR 62560-01, 2016 WL 4702272,Plaintiff's claim was filed on November 12, 2014, so her claim is evaluated under 20 C.F.R §404.1527. *See also* 20 C.F.R. § 404.614 (providing that an application for benefits is considered filed on the date it is received by an SSA employee).

9

(5:18CV2644)

## B. Harmless Error

Even if the Commissioner applied the wrong legal standards, the error is not reversible if it was harmless. Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 746 (6th Cir. 2007). The Court may find the ALJ committed harmless error under any of the following three circumstances:

> (1) a treating source's opinion is so patently deficiently that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) the Commissioner has met the goals of § 1527(d)(2) . . . even though [he] has not complied with the terms of the regulation.

Cole v. Astrue, 661 F.3d 931, 940 (6th Cir. 2011) (citation omitted). The ALJ meets the last of these instances, satisfying the goals of the treating physician rule, if he indirectly attacks the treating physician's opinion. Coldiron v. Comm'r of Soc. Sec., 391 F. App'x 435, 440 (6th Cir. 2010) (citations omitted); Friend, 375 F. App'x at 551; Nelson v. Comm'r of Soc. Sec., 195 F. App'x 462, 470 (6th Cir. 2006) (citations omitted).

Dr. Ignat's opinions regarding the impact of Plaintiff's pain on her work attendance and abilities to concentrate and stay on task are patently deficient. Notably, Dr. Ignat's opinions regarding the severity of Pellegrino's pain and its effects on her are merely boxes checked, lacking any evidence to support those opinions. *See* ECF No. 9 at PageID #: 1370 (showing that Dr. Ignat only indicated "history" as support for his assessment). Accordingly, "it is nearly impossible to analyze . . . [Dr. Ignat's] check-box analysis" because it is unaccompanied by any supporting rationale for his opinions. Hernandez v. Comm'r of Soc. Sec., 644 F. App'x 468, 474 (6th Cir. 2016) (citations omitted); *see also* Keeton v. Comm'r of Soc. Sec., 583 F. App'x 515, 525 (6th Cir. 2014) ("A case cannot be decided in reliance on a medical opinion without some

10

(5:18CV2644)

reasonable support for the opinion.") (quoting SSR 96-2p); *Kestel*, 756 F. App'x at 600 ("[T]he ALJ assigned little weight to this opinion because Dr. Kumar cited no findings of support.") (citation omitted); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) ("Conclusory statements from physicians are properly discounted by ALJs.") (citation omitted); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001) (finding harmless error because, *inter alia*, the physician "does not provide any objective basis for his conclusions."). For example, Dr. Ignat does not indicate whether "these boxes reflect [Pellegrino's] limitations when she is taking her medication or . . . when she is not taking her medication." *Hernandez*, 644 F. App'x at 474. The ALJ's failure to consider Dr. Ignat's opinions constitutes harmless error because Dr. Ignat's check-box opinions pertaining to the effect Pellegrino's pain had on her absenteeism along with her need to engage in off-task behavior and breaks "[are] 'weak evidence at best' and meet[] our patently deficient standard." *Id.* at 475 (citation omitted).

Even if Dr. Ignat's opinions were not patently deficient, the ALJ indirectly attacked Dr. Ignat's opinions. *See Dutkiewicz*, 663 F. Appx at 432. When considering whether the ALJ indirectly attacked the treating source's opinion, the Court reviews "the ALJ's decision itself . . . for this support." *Coldiron,* 391 F. App'x at 440. The ALJ noted that Plaintiff's "lack of any chronic daily pain medications . . . bolsters Dr. Ignat's opinion that the claimant's physical medical condition has improved since he began treating her in 2012." ECF No. 9 at PageID #: 85. Although the magistrate judge indicated this determination was only "with respect to [the ALJ's] finding that Dr. Ignat's opinion indicated that Pellegrino had improved   not with respect to Dr. Ignat's opinion that Pellegrino's pain caused absenteeism and off-task behavior," ECF

11

(5:18CV2644)

No. 13 at PageID #: 1668, the ALJ's finding of her improvement implicitly undermines the opinions regarding the impact that Plaintiff's pain would have on her work attendance and on-task time. See *Friend*, 375 F. App'x at 551 ("[T]he procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments.") (emphasis in original) (citations omitted); *see also Hernandez*, 644 F. App'x at 475 ("The ALJ properly discussed objective evidence in the record that demonstrates that Hernandez's symptoms lessen when she is compliant with her medication . . . . To the extent that Dr. Dittemore's check-box analysis conflicts with such evidence, the ALJ properly discounted the MSS.").

The magistrate judge found otherwise, articulating what he found the harm to be from the ALJ's error:

> because the [vocational expert] later testified that the levels of absenteeism and off-task behavior identified in Dr. Ignat's opinions would preclude work at all exertional levels, a finding that Dr. Ignat's opinions regarding absenteeism and off-task behavior were due more-than-limited weight could have resulted in a finding that Pellegrino was disabled.

ECF No. 13 at PageID #: 1668; ECF No. 9 at PageID #: 150-51. This is not persuasive, given that "[v]ocational experts routinely testify that such absenteeism would be unacceptable to employers and result in no competitively available jobs." *Saulic v. Colvin*, No. 5:12CV2753, 2013 WL 5234243, at *8 n.5 (N.D. Ohio Sept. 16, 2013) (citations omitted). Moreover, as explained above, the ALJ's error was harmless because Dr. Ignat's opinions were patently

12

(5:18CV2644)

deficient and the ALJ indirectly attacked those opinions. The Court, therefore, finds that the ALJ committed harmless error.

Accordingly, the Court finds that the ALJ's violation of the treating physician rule was harmless error and Defendant's objection will be sustained.

**IV. Conclusion**

For the reasons explained above, Defendant's objection to the Report and Recommendation is sustained. The Court rejects the finding that the ALJ's omission regarding Dr. Ignat's opinion was reversible error, and adopts the findings not objected to and not inconsistent with this Order. Accordingly, the decision of the Commissioner of Social Security is affirmed.

IT IS SO ORDERED.

| | |
|---|---|
|   March 23, 2020   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |